10-2293-ag
Reyes-Francisco v. Holder

BIA
A075 418 435

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of April, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

ENRIQUE REYES-FRANCISCO,
> *Petitioner,*

v.                                          10-2293-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Howard Laurence Baker, Wilens &
                        Baker, P.C., New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Mary Jane Candaux,
                        Assistant Director; Rosanne M.
                        Perry, Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Enrique Reyes-Francisco, a native and citizen of Mexico, seeks review of a May 13, 2010 decision of the BIA denying his motion to reconsider its denial of his motion to reopen. *In re Enrique Reyes-Francisco*, No. A075 418 435 (B.I.A. May 13, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review for abuse of discretion the BIA's denial of a motion to reconsider. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). As an initial matter, because Reyes-Francisco has filed a timely petition for review from the denial of his motion to reconsider, but not from the underlying decision for which reconsideration is sought, we review only the denial of the motion to reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). We therefore lack jurisdiction to review his ineffective assistance of counsel claim against Ms. Sheri Paige, which he raised in his motion to reopen. *See* 8 U.S.C. § 1252(b)(1).

The BIA did not abuse its discretion in denying Reyes-Francisco's motion to reconsider. Reyes-Francisco argues that the BIA erred in finding that he could not properly bring a claim of ineffective assistance of counsel against Mr. Mario DeMarco – the sole principal of the law firm that employed Reyes-Francisco's attorney of record, Mr. Mark C. Salvucci – when Mr. DeMarco did not personally represent him in his removal proceedings. In rejecting this claim, the BIA reasonably relied on the agency's regulations, which recognize only those attorneys who submit a notice of appearance and personally practice before the Executive Office for Immigration Review. *See* 8 C.F.R. § 1001.1(i) (defining the term practice as "the act or acts of any person appearing in any case, either in person or through the preparation or filing of any brief or other document, paper, application, or petition on behalf of another person or client before or with DHS, or any immigration judge, or the Board."); *see also* 8 C.F.R. § 1292.4(a) ("An appearance shall be filed on the appropriate form by the attorney or representative appearing in each case"); *cf. Fuentes-Argueta v. INS*, 101 F.3d 867, 872-73 (2d Cir. 1996) (finding no denial of the right to counsel in the decision of an

Immigration Judge declining to recognize as counsel of record an attorney who had not filed a formal notice of appearance).  Furthermore, contrary to Reyes-Francisco's argument, the BIA did not abuse its discretion by failing explicitly to consider his challenge to its due diligence finding because its alternative finding that there was no basis for an ineffective assistance of counsel claim against Mr. DeMarco was dispositive of Reyes-Francisco's motion to reconsider.  *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006) (requiring an alien to demonstrate due diligence independent from the requirement of demonstrating ineffective assistance of former counsel).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1 (b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4